## OSBORNE *v.* UNITED STATES.

Filed January 19, 1885.

1. PLEADING—EJECTMENT—DECLARATION—AVERMENT—RIGHT OF POSSESSION.
The very foundation of the right to maintain an action in ejectment, both at common law and under the statute of the territory, is the plaintiff's right to the possession of the premises. Unless it contains an averment to that effect, a declaration in ejectment cannot be sustained.

2. SAME—AVERMENT—" UNJUSTLY WITHHOLDS."
The averment that the defendant "unjustly withholds" the premises is not equivalent to the allegation that he "unlawfully withholds" them, as required by the statute.

Error to First judicial district court.

*William Breeden,* for plaintiff in error.

*G. W. Prichard,* U. S. Atty., for defendants in error.

BELL, J.  This action was commenced by the filing of a declaration, which it is claimed is a declaration in ejectment; the essential part of it, which we are called upon to consider, is as follows:

"In the district court for the First judicial district, within and for the territory of New Mexico, for the trial of causes arising under the laws of the United States and of said territory of New Mexico.

"Your petitioner, the United States of America, at the instance of Benjamin H. Brewster, who prosecutes for her, and on behalf of the aforesaid United States of America, aided and assisted by George W. Prichard, United States attorney for the territory of New Mexico, complains of David K. Osborne, being in custody, etc.:

"For that, whereas, the said United States, by and through her proper agents and representatives, on the first day of January, A. D. 1883, was possessed of a certain building, with the appurtenances, situated in the city of Santa Fe, in the county of Santa Fe, in the First judicial district aforesaid, being known and designated as the building, [here follows the description;] which premises the said United States claims in fee; and said United States being so possessed thereof, the said defendant afterwards, to-wit, on the tenth day of April, A. D. 1883, entered into said premises, and ejected the said plaintiffs therefrom, and unjustly withholds from the said plaintiffs the possession thereof, to the damage of the said plaintiffs of one thousand dollars; and thereof plaintiffs bring suit.

[Signed]  "BENJAMIN H. BREWSTER,
"Atty. Genl. of the U. S.
"By G. W. PRICHARD,
"U. S. Atty. for New Mexico."

To this declaration the defendant filed the following plea:

"Now comes the said defendant, by his attorney, and defends the wrong and injury, etc., and says that he is not guilty of the said trespasses and premises, or any part thereof, in manner and form as the said plaintiffs have above complained, and of this the said defendant puts himself upon the country.

[Signed]  "WILLIAM BREEDEN, Attorney for the Deft."

Upon the issue thus raised a trial was had, and the record recites that the jury, after hearing the evidence, the arguments of counsel, and the instructions of the court, "upon their oaths do say that they find in favor of the said plaintiffs, and assess their damages at seventy-five dollars."  A motion was made for a new trial, but upon what

grounds the record fails to disclose. This was denied. A motion was then made to arrest the judgment upon the verdict theretofore rendered, for the reasons: "*First*, because said declaration is not a declaration in ejectment, and cannot support a judgment for the possession of the property in question; *second*, because said declaration does not ask for any judgment whatever." This motion was also denied, and thereupon a judgment was entered that the United States of America recover from the said defendant the possession of the premises described in the declaration, and also that they recover of the said defendant the sum of $75, and that they have a writ of possession and execution therefor.

The assignments of error are: "*First*. That the declaration is defective, and is not a declaration in ejectment, and does not conform to or state a cause of action under the statute." The second assignment of error is not insisted upon by the plaintiff in error and will not be considered. "*Third*. That the court erred in overruling the motion of plaintiff in error to arrest the judgment in said cause." "*Fourth*. That the court erred in entering judgment for the plaintiffs below, because the said declaration was fatally defective as a declaration in ejectment, and contained no prayer for judgment."

We are of opinion that the declaration in this case is fatally defective as a declaration in ejectment, under the statute of New Mexico. Nor would it be a good declaration, as claimed by counsel, at the common law. No declaration at the common law ever began by describing the plaintiff as a petitioner; and at the common law the nature of the action would appear upon the face of the declaration. We think the declaration in this case might be good in this territory as a declaration in trespass. The plea to it, filed by the defendant, certainly treated it as an action in trespass. The verdict found by the jury would seem to indicate that they treated it as an action in trespass, for they found for the plaintiffs, with damages in the sum of $75. According to the law and the well-established practice in this territory their verdict would be, in an action of ejectment, that they found the defendant guilty, and that the plaintiff was entitled to recover some sum fixed by them as damages, being the value of the rents and profits of the premises. The verdict in this case does not warrant the judgment which was entered upon it by the court. Under the laws of this territory, ejectment is a special statutory remedy. By section 1 of the act of December, 1847, which is still the law of the territory, it is provided: "The action of ejectment may be maintained in all cases where the plaintiff is legally entitled to the possession of the premises." Section 4 of the same act is as follows:

"It shall be sufficient for the plaintiff to declare in his petition that on some day in such petition named, he was entitled to the possession of the premises, (describing them;) and that the defendant, on the day named in the petition, afterwards entered into said premises, and unlawfully withheld from the plaintiff the possession thereof, to his damage, for any sum he may name." Prince's Comp. 152.

The declaration or petition in this case fails to comply with the essential requirements of this statute. It fails to aver that the plaintiffs were entitled to the possession of the premises in question, but avers that the plaintiffs were possessed of them, and that they claimed them in fee, and that, being so possessed, the defendant entered and ejected them therefrom, and unjustly withheld them from the plaintiffs, to their damage. It might very well be that the plaintiffs were in possession of these premises, and that they claimed them in fee, and yet, at the same time, they might not be entitled to their possession. They may own the premises and yet the defendant may be entitled to their possession as a tenant; and they may have possessed themselves unlawfully of them as against their tenant. The statute requires that the plaintiff shall aver that the defendant unlawfully withholds the premises; the averment in this declaration is that he unjustly withholds them. This unjust retention might be equitable in a given case, and not necessarily unlawful. In this respect the declaration is also clearly defective. The very foundation of the right to maintain an action in ejectment, both at common law and under our statute, is the plaintiff's right to the possession of the premises. The declaration under consideration in this case neither avers such right directly, nor in terms which could be claimed to be equivalent. We are of opinion that the court below erred in overruling defendant's motion in arrest of judgment. The judgment is reversed, and the cause remanded to the court below for such further action as may be proper in accordance with these views.

WILSON, J., concurs.